UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

ARTHUR LEVON BELTON,

     Plaintiff,

v.                                     Case No. 5:17cv291-MCR-CJK

JOSE PEREIRA; SCOTT CLINES,
JUDGE WILLIAM STONE,
and STATE OF FLORIDA,

     Defendants.
_____/

<u>REPORT AND RECOMMENDATION</u>

This matter is before the court on plaintiff's amended civil rights complaint, filed pursuant to 42 U.S.C. § 1983 (doc. 7). Upon review of the amended complaint, it is evident the facts as presented fail to support a viable claim for relief against the defendants. Moreover, for the reasons set forth below, plaintiff cannot cure the deficiencies by filing an amended complaint. *See Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (Generally, "a district court must grant a plaintiff at least one opportunity to amend their claims before dismissing them if it appears a more

carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.") (quotation omitted). The undersigned thus recommends the case be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted and inability to cure same.

Plaintiff has sued 4 defendants – Deputy Pereira Jose, Attorney Scott Clines, Judge William Stone, and the State of Florida – apparently based on plaintiff's arrest, indictment, and conviction, all of which plaintiff contends were unlawful due to the lack of a "uniform traffic citation form on file with the Circuit Court" establishing probable cause for the initial traffic stop. Doc. 7 at p. 5. Plaintiff alleges Clines, his lawyer, did not investigate the stop and refused to file a motion to dismiss based on the alleged illegality thereof. He faults Judge Stone for "allow[ing him] to plea out to a fraudulent document an[d]/or complaint form with full knowledge Deputy Jose did not have a uniform traffic citation form on file for the probable cause for the stop." Doc. 7 at p. 5. He seeks to hold Okaloosa County or the State of Florida liable for "blatantly filing fraudulent instruments an[d]/or documents with full knowledge the elements are not met for a conviction an[d]/or a[n] indictment." Doc. 7 at p. 5. Plaintiff seeks to have the criminal charges dismissed and to be released from prison.

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case if it determines the action is "(i) frivolous or malicious; (ii) fails to

state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  The court must read plaintiff's *pro se* allegations in a liberal fashion.  *Haines v. Kerner*, 404 U.S. 519 (1972).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff.  *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994).  The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).  A complaint also is subject to dismissal for failure to state a claim when its allegations, on their face, show an affirmative defense bars recovery on the claim.  *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*,  549 U.S. 199, 215 (2007) (reiterating that principle).

Here, plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), in which the United States Supreme Court held that before a plaintiff may proceed with a § 1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," he must prove the conviction or sentence has been somehow invalidated. *Id.* at 486-87.  If the plaintiff fails to demonstrate the conviction or sentence has been invalidated, any claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id*. at 487.

Considering plaintiff seeks release from prison, it appears his conviction has not been invalidated.  Morever, considering plaintiff alleges his arrest, indictment, and conviction were unlawful, any judgment in his favor necessarily would imply his conviction and sentence were invalid.  *Id.* at 487.  Plaintiff's claims thus are *Heck* barred.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995).

Plaintiff's claims also are barred by the *Rooker-Feldman* doctrine,[1] which precludes "lower federal courts . . . from exercising appellate jurisdiction over final

---

[1] The *Rooker-Feldman* doctrine derives from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-82 (1983).

state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quotation omitted). In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 125 S. Ct. 1517, 1521-22 (2005), the Supreme Court cautioned against broadly construing *Rooker-Feldman* and held the doctrine should be confined only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Rooker-Feldman*'s reach extends to federal claims raised by the state-court loser that are deemed to be "inextricably intertwined" with the state court judgment such as (1) where the success of the federal claim would "effectively nullify" the state court judgment; and (2) where the federal claim "succeeds only to the extent that the state court wrongly decided the issues." *Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) (quotation omitted).

Plaintiff's allegations against the defendants relate directly to his arrest, indictment, and conviction and thus are inextricably intertwined with the state court judgment of conviction. If plaintiff were to prevail on the claims asserted in this matter, it would "effectively nullify" the judgment. Plaintiff's claims thus are barred by the *Rooker-Feldman* doctrine.

Plaintiff's claims against Clines fail for the additional reason there is no indication Clines is a state actor subject to suit under § 1983. In order to state a claim

under 42 U.S.C. § 1983, plaintiff must allege "some person, acting under color of state law, deprived plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States." *Blanton v. Griel Mem'l Psychiatric Hosp.*, 758 F.2d 1540, 1542 (11th Cir. 1985) (internal marks omitted); 42 U.S.C. § 1983. Plaintiff has made no such allegations against Clines.

Plaintiff's claims against Judge Stone fail for the additional reason they are barred by judicial immunity. A judge acting in his judicial capacity is absolutely immune from suit. *See Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991) ("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages.") (*citing Mitchell v. Forsyth*, 472 U.S. 511, 526-27, 105 S. Ct. 2806, 86 L. Ed. 2d 411 (1985)); *Dennis v. Sparks*, 449 U.S. 24, 27, 101 S. Ct. 183, 66 L. Ed. 2d 185 (1980); *Sibley v. Lando*, 437 F.3d 1067, 1071 (11th Cir. 2005). Immunity may be overcome only (1) where the judge has not acted within his judicial capacity, or (2) where the judge's actions, though judicial in nature, are taken in the complete absence of all jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Mireles*, 502 U.S. at 11; *Forrester v. White*, 484 U.S. 219, 227, 108 S. Ct. 538, 98 L. Ed. 2d 555 (1988).

"Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function;

(2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley*, 437 F.3d at 1070 (*citing Scott v. Hayes*, 719 F.2d 1562, 1565 (11th Cir. 1983)).  An act is done in "clear absence of all jurisdiction," for judicial immunity purposes, if the matter upon which the judge acted is clearly outside the subject matter jurisdiction of the court over which he presides.  *Dykes v. Hosemann*, 776 F.2d 942, 946-47 (11th Cir. 1985) (citations omitted).

The term "jurisdiction," as it applies to judicial immunity, means the "judicial power to hear and determine a matter, not the manner, method, or correctness of the exercise of that power."  48A C.J.S. Judges § 86.  Thus, a judge is not deprived of absolute immunity from liability because an action he took was in error, was illegal, was done maliciously, or was in excess of his authority.  *Stump*, 435 U.S. at 355-57; *see also Mireles*, 502 U.S. at 11 (judicial immunity is not overcome by allegations of bad faith or malice).  A judge is subject to liability only when he acted in clear absence of all jurisdiction, and knew or must have known he was acting in such a manner.  *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996) (*citing Stump*, 435 U.S. at 356-57).  Where a court has subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.  *Harper v. Merckle*, 638 F.2d 848 (5th Cir. 1981)

(judicial immunity extends to all judicial acts provided they do not fall clearly outside the judge's subject matter jurisdiction).

The conduct of which plaintiff complains – Judge Stone "allowing" him to enter a guilty plea – is a function normally performed by a judge.  As plaintiff was a party in the case over which Judge Stone was presiding, plaintiff dealt with Judge Stone in his judicial capacity.  Under Florida law, state circuit judges have exclusive original jurisdiction to hear and determine state criminal matters.  *See* Fla. Stat. § 26.012(2)(d).  Judge Stone is absolutely immune from suit based on plaintiff's entry of a guilty plea.  *See Wallace v. Smith*, 145 F. App'x 300, 302 (11th Cir. 2005).

Finally, to the extent plaintiff seeks release from prison, such claims are in the nature of a habeas corpus action.  The United States Supreme Court has "held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'"  *Wilkinson*, 544 U.S. at 78.  "He must seek federal habeas corpus relief (or appropriate state relief) instead."  *Id.*  Before filing a petition for habeas corpus, however, plaintiff must exhaust his state law remedies, which there is no claim he has done.  *See* 28 U.S.C. § 2254.

Based on the foregoing, it is evident plaintiff has wholly failed to allege facts showing he is entitled to relief against these defendants; it also is evident plaintiff cannot cure the deficiencies by amendment.  *See* Fed. R. Civ. P. 8(a)(2) ("A pleading

that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]"); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for plaintiff's failure to state a claim upon which relief can be granted.

2. That the Clerk be directed to close the file.

At Pensacola, Florida this 19th day of October, 2018.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.**